IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HAKIM ALI-AKBAR, aka
FREDERICK JONES,

               Petitioner,             No. 2:12-cv-2414 JAM KJN P

    vs.

GREG BRACKET,                   <u>ORDER AND</u>

               Respondent.      <u>FINDINGS & RECOMMENDATIONS</u>

_____/

          Petitioner, a state prisoner proceeding without counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On September 26, 2012, the court ordered petitioner to file a properly completed in forma pauperis affidavit or pay the required filing fee. On November 1, 2012, petitioner filed a completed request to proceed in forma pauperis, and certified trust account statement.

          Examination of the affidavit reveals petitioner is unable to afford the costs of this action. Accordingly, leave to proceed in forma pauperis is granted. 28 U.S.C. § 1915(a).

          Rule 4 of the Rules Governing § 2254 Cases requires the court to make a preliminary review of each petition for writ of habeas corpus. A petition must be dismissed "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief."

Rule 4 of the Rules Governing 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).  A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ."  28 U.S.C. § 2254(a).  A petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 challenges the *fact or duration* of a petitioner's conviction.  Habeas corpus is the exclusive remedy for a prisoner who is challenging the fact or duration of his confinement and seeking immediate or speedier release. Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973).  By contrast, a civil rights action brought pursuant to 42 U.S.C. § 1983, challenges the *conditions* of the prisoner's confinement.

In the instant petition, petitioner does not challenge the fact of his conviction or the duration of his sentence.  Rather, petitioner challenges a state court order finding plaintiff to be a vexatious litigant, thereby limiting plaintiff's access to state court.  This allegation does not challenge the fact or duration of petitioner's conviction.  Therefore, petitioner's claim is not appropriately brought as a petition for writ of habeas corpus.

Therefore, IT IS HEREBY ORDERED that petitioner is granted leave to proceed in forma pauperis; and

IT IS RECOMMENDED that the petition for writ of habeas corpus is be dismissed because the petition does not allege grounds that would entitle petitioner to habeas corpus relief.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3).  Petitioner is advised

1    that failure to file objections within the specified time may waive the right to appeal the District

2    Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3    DATED:  November 19, 2012

4

5                                          _Kendall J. Newman_____

6                                          KENDALL J. NEWMAN
                                           UNITED STATES MAGISTRATE JUDGE

7    akba2414.156

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26