IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HAKIM ALI-AKBAR, aka
FREDERICK JONES,

    Petitioner,           No. 2:12-cv-2414 JAM KJN P

  vs.

GREG BRACKETT,

    Respondent.        FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding without counsel. On February 6, 2013, this action was dismissed without prejudice. (Dkt. No. 13.) The petition was dismissed because the petition did not allege grounds that would entitle petitioner to habeas corpus relief. (Id.)

        On February 22, 2013, petitioner filed a motion to vacate the judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. (Dkt. No. 15.) Petitioner contends that the court was required to hold an evidentiary hearing, and that the court misrepresented the facts. (Dkt. No. 15 at 2.) Petitioner seeks "a proper and fair evidentiary review." (Id. at 7.)

        Rule 60(b) provides:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or

1

proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

First, petitioner's reliance on Dillard v. Roe, 244 F.3d 758 (9th Cir.) (challenging felony conviction for inflicting corporal injury upon a cohabitant), amended on denial of rehearing (May 17, 2001); Sumner v. Mata, 449 U.S. 539, 551 (1981) (challenging first degree murder conviction); Duckett v. Godinez, 67 F.3d 734 (9th Cir. 1995) (challenging conviction for murder and burglary), is unavailing.  While the appellate court in Duckett did address a claim of judicial bias, the claim arose during Duckett's criminal trial, and his habeas petition challenged the fact of his conviction.  Petitioner's reliance on these authorities is inapposite because petitioner's habeas petition did not challenge the fact of his conviction, or the duration of his confinement.  Rather, petitioner challenged a state court order deeming petitioner to be a vexatious litigant, dismissing petitioner's case, and denying petitioner permission to appeal.  As the undersigned previously explained, habeas relief is only available for challenges to the fact or duration of a criminal conviction.  (Dkt. No. 10 at 2.)

Second, under these circumstances, an evidentiary hearing is not required.

> The decision to grant an evidentiary hearing is generally a matter left to the sound discretion of the district courts.  28 U.S.C. § 2254; Habeas Rule 8(a); Schriro v. Landrigan, 550 U.S. 465, 473, 127 S.

> Ct. 1933, 167 L. Ed. 2d 836 (2007). To obtain an evidentiary hearing in federal court under the AEDPA, a petitioner must allege a colorable claim by alleging disputed facts which, if proved, would entitle him to relief. Schriro v. Landrigan, 550 U.S. at 474. An evidentiary hearing may be granted with respect to a claim adjudicated on the merits in state court where the petitioner satisfies § 2254(d)(1), or where § 2254(d)(1) does not apply, such as where the claim was not adjudicated on the merits in state court. Cullen v. Pinholster, . . . 131 S. Ct. 1388, 1398, 1400-01, 179 L. Ed. 2d 557 (2011).
>
> An evidentiary hearing is not required where the state court record resolves the issues, refutes the application's factual allegations, or otherwise precludes habeas relief. Schriro v. Landrigan, 550 U.S. at 474. No evidentiary hearing is required for claims based on conclusory allegations. Campbell v. Wood, 18 F.3d 662, 679 (9th Cir. 1994). Likewise, an evidentiary hearing is not required if the claim presents a purely legal question, there are no disputed facts, or the state court has reliably found the relevant facts. Beardslee v. Woodford, 358 F.3d 560, 585-86 (9th Cir. 2004); Hendricks v. Vasquez, 974 F.2d 1099, 1103 (9th Cir. 1992).

Remsen v. Holland, 2012 WL 5386347 (E.D. Cal. Nov. 1, 2012).

Here, petitioner failed to allege a colorable habeas claim. Although petitioner appears to contend the court misrepresented the facts by relying solely on the petition, rather than reviewing the state court record, no factual review of the record was appropriate because the court could not offer petitioner habeas relief. Thus, no evidentiary hearing was required.

Accordingly, petitioner's motion for relief from judgment should be denied.

IT IS HEREBY RECOMMENDED that petitioner's February 22, 2013 motion (dkt. no. 15) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial

1  showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Petitioner is advised that
2  failure to file objections within the specified time may waive the right to appeal the District
3  Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
4  DATED: March 26, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

akba2414.60b